## SOMERS, Respondent, v. WAGONER, Appellant.

### (219 N. W. 257.)

(File No. 5928.   Opinion filed May 4, 1928.)

*Waggoner & Stordahl*, of Sioux Falls, for Appellant.

*N. R. Furlong* and *House & Eastman,* all of Chamberlain, for Respondent.

BROWN, J.   On June 25, 1909, plaintiff recovered a judgment for $97.50 and costs against defendant in the circuit court of Brule county, which was docketed on June 30th of that year.   No execution was issued on the judgment in the lifetime of the plain-

tiff, and, after his death, which was more than five years after the entry and docketing of the judgment, his administrator procured an order requiring· defendant to show cause why an execution should not issue for the collection of the judgment. On the hearing, the court made an order finding that no part of the judgment had been paid and directing that execution issue, from which order defendant appeals.

Defendant assigns errors in making the order, "for the reason that plaintiff is deceased, and no one has been substituted in his place, and because it has not been established 'by the oath of the party or other satisfactory evidence' that the judgment remains unsatisfied."

■ The personal representative of a deceased party in whose favor judgment has been given for the recovery of money may enforce the same by execution without the necessity of any one being substituted in the place of the judgment plaintiff. Code, § 2631; Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271.

■ After five years from the entry of the judgment, execution can only issue by leave of the court, which shall not be given, unless it can be established by the oath of the party or other satisfactory evidence that the judgment or some part thereof remains unsatisfied and due. Code, § 2632. On the hearing of the order to show cause, the affidavit of R. H. Somers, administrator of the estate of plaintiff, showed that he was well acquainted with deceased and with his business transactions, and especially with the transaction upon which the judgment was obtained, and that at different times the deceased had stated to him that the judgment was unpaid, and that only a short time before his death plaintiff had stated to him that the judgment had not been paid. The affidavit of J. E. House, the attorney who procured the judgment, stated that the judgment was unpaid, and the affidavit of N. R. Furlong, attorney for administrator, stated that he was well acquainted with the deceased during the later years of his life, and did considerable legal work for him immediately preceding his death; that one of the matters which he spoke to him about was the collection of this judgment; and that on February 23, 1924, Furlong wrote a letter to defendant stating that the administrator desired the judgment collected, and had directed him to have execution issued, and that, in reply to this letter, defendant wrote

that he had intended making some proposition of settlement, but that the Sioux Falls National Bank failure had "made a tramp" out of him.

Defendant makes an affidavit stating in substance, that his father, during the year 1910 or thereabouts, settled and satisfied the judgment, but that no formal satisfaction was ever executed or filed, and he undertakes to explain his letter to Furlong by saying that he was aware of the fact that the judgment had been paid and not satisfied of record, but thought it would probably save the expense of further litigation if he suggested some settlement. His letter to Furlong, however, contained no intimation of any claim that the judgment had ever been paid, settled, or in any manner satisfied.

There was satisfactory evidence that the judgment remained entirely unsatisfied and due, and the order of the trial court directing that execution issue upon the judgment is affirmed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, P. J., not sitting.